UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-cr-0047-RLY-DML |
| | ) | |
| KEVIN VINCENTE HOLDER, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Richard L.Young, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on December 6, 2021, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on March 23, 2022, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On March 23, 2022, defendant Kevin Vincente Holder appeared in person with his appointed counsel, Michael Donahoe. The government appeared by Barry Glickman, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Troy Adamson, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Holder of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Holder questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Holder and his counsel, who informed the court they had reviewed the Petition and that Mr. Holder understood the violations alleged. Mr. Holder waived further reading of the Petition.

3. The court advised Mr. Holder of his right to a preliminary hearing and its purpose. Mr. Holder was advised of the rights he would have at a preliminary hearing. Mr. Holder stated that he wished to waive his right to a preliminary hearing and stipulated to probable cause.

4. The court advised Mr. Holder of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Holder, by counsel, stipulated that he committed Violation Numbers 1, 2, 3, and 4 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| | On August 25, 2021, he tested positive for cocaine and cannabinoids, and openly admitted he had used both substances. On September 21, 2021, the |

    offender submitted a urine sample which tested positive for cocaine and admitted using the substance.

2    **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.)."**

    On August 24, 2021, Mr. Holder was referred for drug treatment at Take Back Control in Indianapolis. The treatment vendor attempted to get the offender in for his initial appointment; however, Mr. Holder did not show up for the initial scheduled appointment. Additionally, he has not returned the vendors calls or texts to reschedule services.

3    **"You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervised participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician."**

    On August 26, 2021, Mr. Holder was referred for a mental health evaluation at Midwest Psychological Center. On September 21, 2021, the probation officer met with the offender and sent him a text with the contact information for Midwest Psychological Center. Mr. Holder was given specific instructions by the probation officer to contact the vendor to schedule his initial appointment; however, Mr. Holder has made no efforts to schedule services.

4    **"You shall report to the probation officer in a manner and frequency directed by the court or probation officer."**

    The probation officer last met with the offender on September 21, 2021. The probation officer has attempted since that date to coordinate a meeting with him by texting, calling, sending letters, and stopping by his residence; however, the offender appears to be intentionally avoiding contact with his probation officer. On November 10, 2021, the offender called to provide his new residence which was found to be incorrect. During the phone conversation Mr. Holder sounded like he was under the influence of a substance as he was slurring his words. On November 19, 2021, the probation had a text exchange with him. Since that date, the probation officer has had no contact with Mr. Holder.

6. The court placed Mr. Holder under oath and directly inquired of Mr. Holder whether he admitted Violation Numbers 1, 2, 3, and 4 of his supervised release set forth above. Mr. Holder admitted the violations as set forth above.

7. The parties and the USPO further stipulated:

   (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Holder's criminal history category is III.

   (c) The range of imprisonment applicable upon revocation of Mr. Holder's supervised release, therefore, is 8 - 14 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

10. The government recommended a sentence of twenty-four (24) months with no supervised release to follow. The government also requested drug and alcohol treatment. The defendant recommended release on stricter conditions of supervised release. Defendant, if revoked, requested placement at FCC Terre Haute with substance abuse and mental health treatment.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, KEVIN VINCENTE HOLDER, violated the above-specified conditions in the Petitions and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of eighteen (18) months with no supervised release to follow. This Magistrate Judge makes a recommendation of placement at FCC Terre Haute with substance abuse and mental health treatment. The Court finds that an upward departure from the guidelines range is appropriate because Mr. Holder's violations started virtually immediately upon commencement of his period of supervision and occurred repeatedly

until his arrest, he absconded from supervision, and he has shown himself to be completely unamenable to supervision and to the efforts of his probation officer to put him on the right path.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. Any party desiring said review shall have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

Counsel for the parties and Mr. Holder entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Holder's supervised release, imposing a sentence of eighteen (18) months with no supervised release to follow. This Magistrate Judge will make a recommendation of placement at FCC Terre Haute with substance abuse and mental health

treatment. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 3/25/2022

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system